IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALBERTO SOLER,
        Petitioner,

vs.                                  Case No. 3:04cv209/RV/MD

DONALD F. BAUKNECHT,
        Respondent.

## REPORT AND RECOMMENDATION

        This cause is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Respondent has filed an answer, and two supplements (doc. 10, 18 & 23), and petitioner has also filed supplements and a reply.  (Doc. 13, 15, 19, & 21).

## BACKGROUND

        Petitioner is a federal prisoner serving a 96 month sentence for maintaining a controlled substance manufacturing facility in violation of 21 U.S.C. § 846, and a concurrent 60 month sentence for conspiracy to possess with intent to distribute marijuana also in violation of 21 U.S.C. §§ 846.  He is currently scheduled for release by means of Good Conduct Time ("GCT") on October 27, 2007.  (Doc. 10, exh. 1).

        Under the GCT statute, an eligible prisoner may receive credit "beyond the time served, of up to 54 days at the end of year of the prisoner's term of imprisonment, beginning at the end of the first year of the term," subject to the BOP's determination that "during that year, the prisoner had displayed exemplary compliance with institutional disciplinary regulations."  18 U.S.C. § 3624(b)(1).  The statute also provides that "credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."  *Id.*  The BOP has promulgated a regulation,

using the notice and comment procedure of the Administrative Procedure Act, 5 U.S.C. § 553, which reflects its interpretation of "term of imprisonment" as "time served" for purposes of calculating GCT.  *See* 28 C.F.R. § 523.20.  That regulation states that "[p]ursuant to 18 U.S.C. § 3624(b), . . . an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served."  28 C.F.R. § 523.20.[1]

According to the government, petitioner's sentence was imposed on January 31, 2003, and began to run on that date.  The petitioner was in pre-trial custody since November 7, 2000 and received eight hundred and fifteen (815) days of Jail Time Credit ("JTC") through January 30, 2003.  Because the petitioner had been in continuous custody since November 7, 2000, this date was used for the purpose of computing the start date for his GCT computation.  He has received 54 days of GCT for each year served, commencing on November 6, 2001 through the present, and will receive a prorated amount of credit for the last year he serves.  In accordance with the BOP's calculation, assuming that petitioner does not receive any disciplinary reports, he can receive a total of 376 days of GCT.  (Doc. 10, exh. 1, at 3).

Although petitioner separates the claims contained in the instant petition into six grounds for relief, they encompass two general areas.  First, he contends the Federal Bureau of Prisons ("BOP") has wrongly interpreted 18 U.S.C. § 3624(b)(1), thereby depriving him of the possibility to earn a maximum of 54 days of good conduct time for each of the years in the sentence *imposed*, rather than actually served, and that this misinterpretation has deprived him of his rights to due process and/or a liberty interest.  He also contends that "it is not known if the BOP complied with the Administrative Procedure Act ("APA")" before promulgating Program Statement 5880.28, regarding the computation of gain time.  He seeks an order directing the BOP to credit his sentence 54 days from

---

[1]**The BOP has also issued Program Statement 5880.28, which details how the Bureau applies good time credit to calculate a prisoner's release date.  (*See* Doc. 4, Ex. 8).  The Program Statement is also premised on the BOP's interpretation of "term of imprisonment" in § 3624(b)(1) to mean "time served."  (*Id.*).  P.S. 5880.28 instructs the BOP to award a prisoner .148 days (which is 54/365) for each day a prisoner serves in one of its facilities in excess of one year, subject to the BOP's determination that the prisoner has satisfactorily complied with institutional regulations during that previous year. After each "full year" of imprisonment in one of its institutions, the Program Statement instructs the BOP to recalculate the prisoner's new release date, where the prisoner could receive a maximum of 54 days GCT for that previous year toward his release date.**

each year of the sentence imposed, rather than served. He also seeks a declaration that Program Statement 5880.28/28 C.F.R. § 523.20 is invalid, which would essentially lead to the same result.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The respondent first contends that this court does not have jurisdiction over petitioner's claim due to his failure to exhaust his administrative remedies.

It is well established that prisoners must exhaust administrative remedies before habeas relief can be granted, including relief pursuant to § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632, 634 (2nd Cir. 2001) (addressing § 2241 petition); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (addressing § 2241 petition); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (discussing habeas petitions in general); *United States ex rel. Sanders v. Arnold*, 535 F.2d 848, 850-51 (3rd Cir. 1976) (same); *Willis v. Ciccone*, 506 F.2d 1011, 1014-15, n. 3 (8th Cir. 1974) (same). This requirement is jurisdictional. *Winck v. England,* 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (recognizing that although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a § 2241 writ of habeas corpus, exhaustion is jurisdictional in the Eleventh Circuit); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam) (same); *cf. Boz v. United States*, 248 F.3d 1299, 1300 (11th Cir. 2001) (per curiam) (Also jurisdictional is "[t]he general rule ... that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.") (internal quotation marks and citation omitted).

The Bureau of Prisons provides a four-level administrative grievance procedure for prisoner complaints. 28 C.F.R. § 542.10-542.16. Initially, prisoners must seek resolution of issues through informal grievances. *Id.* at § 542.13(a). If unsuccessful, an inmate may then file a formal written complaint with the institution. *Id.* at § 543.13(b). An appeal may then be taken to the Regional Director. *Id.* at § 542.15. Finally, an inmate may appeal the Regional Director's response to the General Counsel for the BOP. *Id.* Each of these steps is generally required to satisfy the exhaustion prerequisite. Furthermore, an inmate is required to exhaust administrative remedies before seeking habeas relief, rather than doing

so while a petition is pending. *Meagher v. Dugger*, 737 F.Supp. 641, 643 (S.D. Fla. 1990).

Petitioner states in his petition that he completed all administrative remedies on the grounds raised herein, but that he has misplaced the copies. (Doc. 1 at 10). However, the declaration of Dan Rouse indicates that petitioner filed a single request for administrative remedy with the Warden of FPC Pensacola challenging the BOP's Program Statement in reference to the crediting of GCT. (Doc. 10, exh. 2). Mr. Rouse states that this request was denied, and petitioner did not file any further requests for administrative remedies on this issue. (Doc. 10, exh. 2 at 2). However, as pointed out by the petitioner, the attachments to Mr. Rouse's declaration show that petitioner filed an attempt at informal resolution, a request for administrative remedy, a regional administrative remedy appeal, and a central office administrative remedy appeal. (Doc. 10, exh. 2 at 10-19). All of these grievances or appeals related to the issue of petitioner's Good Conduct Time credits. Therefore, the court is satisfied, and respondent has also conceded (doc. 18 at 2), that petitioner has exhausted his administrative remedies with respect to this issue.

Petitioner has not exhausted his administrative remedies with respect to his second group of claims, relating to alleged violations of the APA in promulgating Program Statement 5880.28. First he contends the BOP violated § 553(b) by not providing notice to the public or considering comments from the public before making PS § 5880.28 final and effective. He also contends that the BOP violated § 553(d) by making PS § 5880.28 effective from the date of publishing rather than 30 days after publication. However, the grievances petitioner filed are limited to challenges to substantive, rather than procedural, issues relating to the GCT Program Statement and rules. The BOP has not had the opportunity to address the issues raised by petitioner. In *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998), the Eleventh Circuit dismissed a *Bivens*[2] challenge to federal prison officials enforcement of certain legislation for failure to exhaust administrative remedies, and in so doing identified the following seven policy reasons favoring exhaustion:

(1) to avoid premature interruption of the administrative process;
(2) to let the agency develop the necessary factual background upon which

---

[2] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)

Case No: 3:04cv209/RV/MD

        decisions should be based;

(3)    to permit the agency to exercise its discretion or apply its expertise;

(4)    to improve the efficiency of the administrative process;

(5)    to conserve scarce judicial resources;

(6)    to give the agency a chance to discover and correct its own errors; and

(7)    to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

*Id.* at 1327 (quoting *Kobleur v. Group Hospitalization and Medical Services, Inc.*, 954 F.2d 705, 712 (11th Cir. 1992)). These reasons are certainly applicable in the case at bar.

In fact, in petitioner's motion supplement the Administrative Procedure Act Claim with new evidence (doc. 21), petitioner submits a copy of the Federal Register from May 16, 2005, indicating that final action on a rule regarding GCT will be taken in October of 2005. Thus, it appears that the agency may currently be in the process of making changes, and therefore, any action taken by this court could be moot. Finally, the court cannot conclude that requiring the petitioner to exhaust his administrative remedies would be either futile or result in irreparable harm in light of his currently projected release date of October 7, 2007. Compare *Elwood v. Jeter*, 386 F.3d 342 (8th Cir. 2004) (government waived exhaustion due to futility of exhaustion requirement); *Pimentel v. Gonzales,* 367 F.Supp.2d 365 (E.D.N.Y. 2005) (finding futility in requiring prisoner to exhaust challenge to BOP's CCC policy); *Goolsby v. Ashcroft*, 2005 WL 1165773 (N.D. W. Va. 2005) (same); *Cook v. Gonzales,* 2005 WL 773956 (D.Or. 2005) (same). Therefore, the court is without jurisdiction to consider the petitioner's unexhausted claims.

### BOP'S INTERPRETATION OF 'TERM OF IMPRISONMENT'

The question before this court is whether it is permissible for the BOP to interpret "term of imprisonment" as used in 18 U.S.C. § 3624(b)(1) to mean "actual time served" rather than "sentence imposed." This can make a significant different in most inmates' sentences. Under petitioner's interpretation, he is entitled to 432 days of GCT, while the government calculates that he is due only 376 days. Petitioner's argument fails, because

the Eleventh Circuit has decided that the BOP's interpretation is reasonable. *Brown v. McFadden*, 416 F.3d 1271, 2005 WL 1618739 (11th Cir. July 12, 2005).

In *Brown*, a federal prisoner appealed the denial of his § 2241 petition, arguing that the plain language of 18 U.S.C. § 3624(b)(1) required that he earn 54 days credit for each year he was sentenced to imprisonment by the sentencing court and not, as the BOP interpreted the statute, 54 days credit for each year he actually served in prison. The Eleventh Circuit followed the decisions of five other circuits that have already decided the issue and affirmed the denial of relief, holding that although the plain text of § 3624(b)(1) is ambiguous, the BOP's interpretation of this statute is reasonable, and the rule of lenity does not apply. *Brown,* 2005 WL 1618739 at *2; See *Yi v. Federal Bureau of Prisons*, ___ F.3d ___, ___, 2005 WL 1413897, at *7 (4th Cir. June 17, 2005); *O'Donald v. Johns*, 402 F.3d 172, 174 (3rd Cir. 2005); *Perez-Olivo v. Chavez*, 394 F.3d 45, 52-53 (1st Cir. 2005); *White v. Scibana*, 390 F.3d 997, 1002-03 (7th Cir. 2004); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1271 (9th Cir. 2001). The Eleventh Circuit's decision is dispositive of petitioner's remaining claim.

Accordingly, it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus (doc. 3) be DENIED and the clerk directed to close the file.

At Pensacola, Florida, this 26th day of August, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

Case No: 3:04cv209/RV/MD